IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DONALD WILLIAM CLARK and )
CHERYL LYNN CLARK, )
                                 )
    Plaintiffs, )
                                 )
v. )         CASE NO.: 3:18-cv-59-GMB
                               )        [WO]
HIGH STANDARD FIREARMS )
MANAGEMENT, LLC, *et al.*, )
                                 )
    Defendants. )

## ORDER

Pending before the court is the Motion to Dismiss filed by Defendants High Standard Firearms Management, LLC ("HSFM"); High Standard Firearms LTD ("HSFL"); and High Standard Manufacturing Company, Inc. ("HSMC"). Doc. 41. Additionally pending before the court is the Motion to Dismiss filed by Defendant International Armament Corporation ("Interarms"). Doc. 61. Upon consideration of the parties' submissions and the relevant law, it is ORDERED that the parties are granted leave to conduct limited jurisdictional discovery regarding the basis for this court's personal jurisdiction over each of the defendants. The pending motions will be resolved following the completion of jurisdictional discovery.

Plaintiffs Donald William Clark and Cheryl Lynn Clark filed suit on January 30, 2018, against HSFM and HSFL. Doc. 1. Plaintiffs contend that Donald Clark was injured when a firearm manufactured and sold by Interarms malfunctioned and unexpectedly fired, striking him in the right hand and chest. Doc. 1 at 3–4. As a result, Donald Clark required

several surgeries, intensive medical treatment, and rehabilitation. Doc. 1 at 4. Plaintiffs brought a variety of state-law tort claims in this court, asserting that Interarms' negligent design and manufacture of the firearm in question caused the misfire. *See generally* Doc. 1. Plaintiffs argue that HSFM and HSFL are successors to Interarms because they acquired Interarms in 2000. Doc. 1 at 2. On May 17, 2018, Plaintiffs filed an amended complaint which added HSMC and Interarms as party defendants. Doc. 36. After the court denied as moot a motion to dismiss HSFM and HSFL (Doc. 10), Defendants HSFM, HSFL, and HSMC filed a motion to dismiss the amended complaint. Doc. 41. Interarms filed a separate motion to dismiss on August 9, 2018. Doc. 61.

In their motion to dismiss, HSFM and HSFL contend that they are Texas corporations and have insufficient contacts with Alabama to be subject to personal jurisdiction there. Doc. 11 at 10–11. HSFM, HSFL, and HSMC also assert that personal jurisdiction and liability cannot be imputed to HSFM, HSFL, HSMC through Interarms because Interarms remains an active and fully functioning corporation. Doc. 11 at 12. Interarms contends that it is a Nevada corporation with insufficient contacts to Alabama to give rise to personal jurisdiction. Doc. 62 at 2. In response, Plaintiffs seek to conduct limited jurisdictional discovery. Doc. 18 at 8–11.

In the Eleventh Circuit, a plaintiff "must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982). Indeed, "Eleventh Circuit precedent indicates that jurisdictional recovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction."

*UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016) (gathering cases permitting jurisdictional discovery where the basis for the court's personal jurisdiction is legitimately in dispute).

Because the court cannot conclusively determine on the record before it whether it has personal jurisdiction over Defendants, the court concludes that limited jurisdictional discovery is appropriate. Accordingly, for good cause, it is ORDERED that the parties are granted leave to conduct discovery that is narrowly tailored to the basis for this court's personal jurisdiction over Defendants on or before **September 28, 2018**.

It is further ORDERED that Defendants shall file supplemental briefs relating to the motions to dismiss and incorporating any evidence obtained through jurisdictional discovery on or before **October 5, 2018,** and that Plaintiffs shall file supplemental briefs in response no later than **October 12, 2018.**

DONE on the 14th day of August, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE